**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4239**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GIANNI ARMANI VINCENT,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00253-BO-1)

Submitted:  November 21, 2019           Decided:  November 25, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gianni Armani Vincent appeals the criminal judgment imposing a 51-month sentence following his guilty plea to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). On appeal, Vincent's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues but questioning whether the district court procedurally erred in commenting on Vincent coming from New York City to prey on North Carolina citizens. Vincent was advised of his right to file a pro se supplemental brief but did not file a pro se brief. The Government moves to dismiss the appeal pursuant to the appeal waiver in Vincent's plea agreement. We dismiss in part and affirm in part.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue falls within the waiver's scope. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). We will uphold an appeal waiver as valid "so long as the waiver is knowing and voluntary." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In conducting this inquiry, "we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the

2

defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018).

Our independent review of the record confirms that Vincent knowingly and voluntarily waived his right to appeal his conviction and any sentence imposed within the advisory Sentencing Guidelines range on any ground, with limited exceptions not applicable here. Thus, we conclude the waiver is valid and enforceable. Further, the issue counsel raises pursuant to *Anders* falls squarely within the broad compass of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues for appeal that would fall outside the scope of Vincent's valid appeal waiver. *See McCoy*, 895 F.3d at 363-64 (discussing issues that cannot be waived); *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018) (same). We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We otherwise affirm. This court requires that counsel inform Vincent, in writing, of the right to petition the Supreme Court of the United States for further review. If Vincent requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vincent. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3